FILED
2017 Jun-05  PM 05:03
U.S. DISTRICT COURT
N.D. OF ALABAMA



CORPORATION SERVICE COMPANY

## Notice of Service of Process

null / ALL
Transmittal Number: 16611590
Date Processed: 05/09/2017

| | |
|---|---|
| **Primary Contact:** | Eric Manne - 18th Floor<br>AIG Property Casualty<br>175 Water Street<br>Floor 15th<br>New York, NY 10038 |

| | |
|---|---|
| **Entity:** | New Hampshire Insurance Company<br>Entity ID Number  2033621 |
| **Entity Served:** | New Hampshire Insurance Company |
| **Title of Action:** | Huntsville-Madison County Mental Health Board, Inc., doing Business as Wellstone Behavioral Health vs. York Risk Services, Group, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Madison County Circuit Court, Alabama |
| **Case/Reference No:** | 47-CV-2017-900748.00 |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC:** | 05/08/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Tom E. Ellis<br>Not Shown |

| | |
|---|---|
| **Notes:** | Copy matches the original as it was received. No pages are missing. |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



*Defendant's copy*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2017-900748.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

**1. HUNTSVILLE-MADISON COUNTY MENTAL HEALTH BOARD V. NEW HAMPSHIRE INSU**

**NOTICE TO:** NEW HAMPSHIRE INSURANCE COMPANY, C/O CSC LAWYERS SERVICE 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
TOM E. ELLIS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 4220 Cahaba Heights Court, BIRMINGHAM, AL 35243

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of 1. HUNTSVILLE-MADISON COUNTY MENTAL HEALTH BOARD

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 5/3/2017 2:24:39 PM | /s/ DEBRA KIZER | By: *KC* |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ TOM E. ELLIS

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____

*(Date)*

_____                    _____          *(Address of Server)*
*(Type of Process Server)*          *(Server's Signature)*     _____

_____          _____
*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>47<br><br>Date of Filing:<br>05/03/2017 | Judge Code: |
|---|---|---|---|

*ELECTRONICALLY FILED*
*5/3/2017 2:25 PM*
*47-CV-2017-900748.00*
*CIRCUIT COURT OF*
*MADISON COUNTY, ALABAMA*
*DEBRA KIZER, CLERK*

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

1. **HUNTSVILLE-MADISON COUNTY MENTAL HEALTH BOARD v. NEW HAMPSHIRE INSURANCE CO**

**First Plaintiff:** ☑ Business   ☐ Individual      **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other                             ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
  Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
  Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING      A ☐ APPEAL FROM         O ☐ OTHER
                                      DISTRICT COURT

         R ☐ REMANDED               T ☐ TRANSFERRED FROM
                                      OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO      Note: Checking "Yes" does not constitute a demand for a
                                                  jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
ELL009                    5/3/2017 2:25:00 PM                    /s/ TOM E. ELLIS
                          Date                                   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
5/3/2017 2:25 PM
47-CV-2017-900748.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

**IN THE CIRCUIT COURT OF MADISON COUNTY**

| | |
|---|---|
| HUNTSVILLE-MADISON COUNTY ) <br> MENTAL HEALTH BOARD, INC., ) <br> A non-profit corporation, doing business as ) <br> WELLSTONE BEHAVIORAL HEALTH ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> YORK RISK SERVICES, GROUP, INC.; ) <br> NEW HAMPSHIRE INSURANCE ) <br> COMPANY;  "ABC" being that person, ) <br>  business, partner-ship, corporation, or other ) <br> entity that contracted with,  or otherwise ) <br> accepted premiums from the Plaintiff for ) <br> a policy of insurance and coverage for loss to ) <br> property, as more fully described herein; ) <br>  "DEF", being that person, business, ) <br> corporation, or other entity which had a ) <br> contractual obligation to pay for loss to the  ) <br> property of the Plaintiff, as alleged more fully) <br> herein; ) <br> "GHI" being that person, business, partner- ) <br> ship, corporation or other entity that owed ) <br> insurance benefits because of damage to the ) <br> property  of Plaintiff; ) <br>  "JKL" being that person, business, ) <br> partnership, corporation or other entity that ) <br> received moneys or funds, or held or holds ) <br> money and funds that should be paid to ) <br> the Plaintiff, as more fully alleged herein ; ) <br> "MNO"  being that person, business partner- ) <br> ship that misrepresented, deceived, or ) <br> committed the fraud as more fully  described ) <br> herein; "PQR" being that person, business, ) <br> partnership, corporation, or other business ) <br> entity that committed bad faith in the ) <br> handling of insurance claims of the Plaintiff, ) <br> as more fully alleged herein; all of whose ) <br> names are presently otherwise unknown to ) <br> the Plaintiff, but who/which will be added by) <br> amendment when such names are ascertained) <br> ) <br>     Defendants. ) | Case No.: CV |

## COMPLAINT

COMES NOW the Plaintiff, Huntsville-Madison County Mental Health Board, Inc.,
doing business as Wellstone Behavioral Health,  and for complaint against the Defendants,
named and fictitious, to wit, York Risk Services, Group; and New Hampshire Insurance
Company, does severally and separately state as follows:

### PARTIES

1.     Huntsville-Madison County Mental Health Board, Inc., doing business as
Wellstone Behavioral Health  is a domestic non- profit corporation doing business in the
State of Alabama and Madison County, Alabama.

2.     That the York Risk Services Group, Inc.(hereinafter "York")  is a foreign
corporation doing business in Alabama by agents, adjusters, claims handlers, etc.

3.     The New Hampshire Insurance Company (hereinafter "NHIC")  is an  Illinois
corporations that does business in the state of Alabama, and licensed by the Alabama
Department of Insurance., Company # 215209, NAIC #s 23841.

4.     The fictitious Defendants  are those persons or entities that contracted to provide
property damage to the Plaintiff, or made the representations alleged herein, and whose
names are either unknown or incorrectly stated.

5.     That jurisdiction and venue are proper as all the Defendants as all do business in
Madison County,  and the acts complained of occurred in Madison County.

### FACTS

6.     Plaintiff adopts and re-alleges paragraphs 1 through 5 above as if specifically set

forth herein.

7.     Defendant NHIC contracted with Plaintiff to provide a Commercial Property
Package insurance policy that included property loss coverage for Plaintiff's location at
4040 South Parkway Huntsville, Alabama.   Defendant conducted all inspection of the
property it required to accept the property for coverage, and represented to Plaintiff that
the property's condition was acceptable for the full replacement cost coverage for which
a premium was charged.   Thereafter Plaintiff paid all premiums and performed all acts
under the contract of insurance.

8.     On or about November 29, 2016, the subject property, like many others in the
area, suffered catastrophic weather related damage, particularly to the roof of the
insured property, and resulting damages to other parts thereof.

9.     Plaintiff presented a claim for replacement its damaged property to Defendant.
Defendant had its representatives, including Defendant York conduct investigations and
inspections of the loss.  The Defendants represented to Plaintiff that coverage for said
loss was accepted and that a full replacement of the damaged potions would be covered
and asked for the replacement estimates the Plaintiff had been asked by Defendants to
obtain.

10.     Thereafter, and despite their representations, the Defendants, without any
additional or further investigation or inspections, attempted to refuse the claim for full
replacement of the damaged property.   This reversal of their promises was accomplished
consciously and deliberately with fraud, bad faith, coercion, oppression and malice, with
conscious disregard for the Plaintiff's and their patients situation. Defendant's knew and
took advantage of the fact that Occupational Safety and Health Administration had
required repair of the subject damages no later than March 30, 2017, and Defendants

could attempt to avoid payment while Plaintiff faced the pressure of that deadline.

11.     I reliance upon the representations of the agent of the Defendants, Agnes

Henderson, that replacement of the damaged parts of the Plaintiff's property would be

forthcoming, and that an advance payment would be made, the Plaintiff committed to

OSHA to meet its replacement deadline and incurred damages and expenses to complete

that promise.

12.     Thereafter the Plaintiff made written demand upon the Defendants to fulfill the

contract and their promises and representations, and to pay for the replacement of the

damaged portions so it could meet the OSHA deadline, but Defendants had intentionally

and deliberately refused to pay.


## COUNT I
## BREACH OF CONTRACT


13.     Plaintiff adopts and re-alleges paragraphs 1 through 12 above as if specifically set

forth herein.

14.     Defendant NHIC, entered into a contract of insurance with Plintiff.  The contract

of insurance promised to pay for damages to property of Plaintiff.  Defendant

NHIC engaged York as its agent to perform under said contract of insurance

NHIC's obligations.  Both. Defendants promised to pay Plaintiff for loss or

damages to its property from a wind and weather related catastrophe under a

contract and policy of insurance in return for the payment of premium.  Plaintiff

performed under the aforesaid contract, buy paying the premiums demanded

which were or should have been placed into a central fund from which claims

should have been paid, but Defendants have refused to perform/pay.

15.    Plaintiff has fully complied with the agreed terms of the ontract/policy/agreement.
Defendants have breached the contract/policy/ agreement by refusing to remit
payment for the loss and damage to Plaintiff's property.

16.    Defendants owe Plaintiff all the sums expended by Plaintiff to replace and repair
its property as alleged herein, consequential damages plus interest and expenses.

WHEREFORE, Plaintiff Huntsville-Madison County Mental Health Board, Inc.,
doing business as Wellstone Behavioral Health demands judgment against Defendants for
the damages sustained in an amount to be determined by the trier of fact plus interest,
attorney fees and expenses not to exceed the jurisdictional limits of this Court.

### COUNT II
### BREACH OF CONTRACTUL DUTY OF GOOD FAITH- TORT OF BAD FAITH

17.    Plaintiff adopts and re-alleges paragraphs 1 through 16 above as if specifically set
forth herein.

18.    Defendants in undertaking to perform the obligations of the contract of insurance
had a duty in law to act in good faith and fair dealing as a part of the contractual
relations. Defendants breached that implied in law duty of good faith, and
instead intentionally acted in bad faith in refusing to adequately investigate the
claim of the Plaintiff and then refusing to pay the claim of the Plaintiff as
promised.

19.    As a proximate result of the breach of the duty of good faith under the contract
and the tort of bad faith refusal to pay, intentionally and by failure to investigate,
by Defendants the Plaintiff has suffered and will continue to suffer damages,
losses, expenses, monetary damages, consequential damages, interest attorney fees
and cost.

WHEREFORE,  Plaintiff demands judgment against the  Defendants for its damages sustained   in an amount to be determined by the trier of fact plus interest, attorney fees and all cost of this action to which Plaintiff is entitled.

## COUNT III
## MISREPRSENTATION & FRAUD

20.  Plaintiff adopts the allegations and averments of the preceding paragraphs as if incorporated herein.

21.  Defendants, personally or through their agents, servants or employees and adjusters or through persons authorized to represent and speak for the Defendants did represent that it/they would pay for the full replacement cost of the damaged property of the Plaintiff and would issue payment as required to accomplish said replacement in response to the demands of OSHA re same.   That in reliance upon said representation the Plaintiff did agree with OSHA to undertake such replacement and contracted to have such repairs and replacements made on an expedited basis.

48.  That the representations of the Defendants were false and fraudulently made with the intent to deceive the Plaintiff, or made so negligently as to amount to fraud and deceit, with no intention to fulfill the representations made.  The Defendants did not intend to pay the full replacement cost as represented and thereafter refused to pay.

49.  That as a proximate result of the misrepresentations, fraud and deceit of the Defendants, the Plaintiff as been damaged by having to expend its own funds for the promises full replacement of the damaged property on an expedited basis, additional expenses in accomplishing same, and expenses and losses occasioned

by the misrepresentation.      That the misrepresentations, fraud and deceit was

accompanied with such conscious or deliberate, oppression, fraud, wantonness, or

· malice with regard to the plaintiff as to entitle the Plaintiff to punitive damages.

WHEREFORE,  Plaintiff demands judgment against the  Defendants for its damages

sustained  in an amount to be determined by the trier of fact plus interest, attorney fees

and all cost of this action to which Plaintiff is entitled.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

_____

TOM E. ELLIS (ELL009) Attorney for Plaintiff

OF COUNSEL:
Tom E. Ellis
Ellis & Bloom, LLC
300 Office Park Drive, Ste 206
Birmingham, Alabama    35223
tee@teelaw.com


**SERVE DEFENDANT:**
**NEW HAMPSHIRE INSURANCE COMPANY**
**By Certified Mail to their**
**Registered Agent for Service of Process in Alabama, to wit:**
**CSC Lawyers, Inc. Service Inc.**
**150 South Perry Street**
**Montgomery, AL  36104**

**SERVE DEFENDANT:**
**YORK RISK CONTROL SERVICES, INC.**
**By Certified Mail to their**
**Registered Agent for Service of Process in Alabama, to wit:**
**CSC Lawyers, Inc. Service Inc.**
**150 South Perry Street**
**Montgomery, AL  36104**



**AlaFile E-Notice**

47-CV-2017-900748.00

To: NEW HAMPSHIRE INSURANCE COMPANY
C/O CSC LAWYERS SERVICE
150 SOUTH PERRY STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

1. HUNTSVILLE-MADISON COUNTY MENTAL HEALTH BOARD V. NEW HAMPSHIRE INSU
47-CV-2017-900748.00

The following complaint was FILED on 5/3/2017 2:24:39 PM

Notice Date:     5/3/2017 2:24:39 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

U.S. POSTAGE >> PITNEY BOWES

ZIP 35801 $ 006.98°
02 1W
0001391147 MAY. 04. 2017

CERTIFIED MAIL

7015 0640 0002 6128 5409

New Hampshire Insurance Company
c/o CSC Lawyers Service
150 South Perry Street
Montgomery, AL  36104

DEBRA KIZER, CIRCUIT CLERK
CIRCUIT COURT DIVISION
100 NORTH SIDE SQUARE
HUNTSVILLE, ALABAMA 35801-4820



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

null / ALL
**Transmittal Number: 16611557**
**Date Processed: 05/09/2017**

| | |
|---|---|
| **Primary Contact:** | Michael Krawitz<br>York Risk Services Group, Inc.<br>One Upper Pond Road<br>Floor 4th Building F<br>Parsippany, NJ 07054 |
| **Electronic copy provided to:** | Susanne Thevenet<br>Marisol Terhune<br>Donald Nungesser |

| | |
|---|---|
| **Entity:** | York Risk Control Services, LLC<br>Entity ID Number 2306032 |
| **Entity Served:** | York Risk Control Services LLC |
| **Title of Action:** | Huntsville-Madison County Mental Health Board, Inc., doing Business as Wellstone Behavioral Health vs. York Risk Services, Group, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Madison County Circuit Court, Alabama |
| **Case/Reference No:** | 47-CV-2017-900748.00 |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC:** | 05/08/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Tom E. Ellis<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

Defendant's copy

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2017-900748.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**1. HUNTSVILLE-MADISON COUNTY MENTAL HEALTH BOARD V. NEW HAMPSHIRE INSU**

**NOTICE TO:** YORK RISK CONTROL SERVICES, LLC, C/O CSC LAWYERS SERVICE, 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
TOM E. ELLIS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 4220 Cahaba Heights Court, BIRMINGHAM, AL 35243

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of 1. HUNTSVILLE-MADISON COUNTY MENTAL HEALTH BOARD

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 5/3/2017 2:24:39 PM | /s/ DEBRA KIZER | By: *KC* |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ TOM E. ELLIS

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____

*(Date)*

_____   _____

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____   _____

*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>47 | ELECTRONICALLY FILED<br>5/3/2017 2:25 PM<br>47-CV-2017-900748.00<br>CIRCUIT COURT OF<br>MADISON COUNTY, ALABAMA<br>DEBRA KIZER, CLERK |
|---|---|---|---|

Date of Filing: 05/03/2017    Judge Code:

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

1.    HUNTSVILLE-MADISON COUNTY MENTAL HEALTH BOARD v. NEW HAMPSHIRE INSURANCE CO

**First Plaintiff:**  ☑ Business   ☐ Individual       **First Defendant:**  ☑ Business   ☐ Individual
                      ☐ Government  ☐ Other                                   ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

            R ☐ REMANDED              T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

ELL009                    5/3/2017 2:25:00 PM                    /s/ TOM E. ELLIS
_____          _____              _____
                          Date                                 Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES  ☑ NO  ☐ UNDECIDED

ELECTRONICALLY FILED
5/3/2017 2:25 PM
47-CV-2017-900748.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY

HUNTSVILLE-MADISON COUNTY    )
MENTAL HEALTH BOARD, INC.,    )
A non-profit corporation, doing business as    )
WELLSTONE BEHAVIORAL HEALTH    )
    )
      Plaintiff,    )
    )
    )
vs.    )    Case No.: CV
    )
YORK RISK SERVICES, GROUP, INC.;    )
NEW HAMPSHIRE INSURANCE    )
COMPANY;  "ABC" being that person,    )
 business, partner-ship, corporation, or other )
entity that contracted with, or otherwise    )
accepted premiums from the Plaintiff for    )
a policy of insurance and coverage for loss to )
property, as more fully described herein;    )
 "DEF", being that person, business,    )
corporation, or other entity which had a    )
contractual obligation to pay for loss to the    )
property of the Plaintiff, as alleged more fully)
herein;    )
"GHI" being that person, business, partner-    )
ship, corporation or other entity that owed    )
insurance benefits because of damage to the    )
property of Plaintiff;    )
 "JKL" being that person, business,    )
partnership, corporation or other entity that )
received moneys or funds, or held or holds    )
money and funds that should be paid to    )
the Plaintiff, as more fully alleged herein ;    )
 "MNO"  being that person, business partner- )
ship that misrepresented, deceived, or    )
committed the fraud as more fully described )
herein; "PQR" being that person, business,    )
partnership, corporation, or other business    )
entity that committed bad faith in the    )
handling of insurance claims of the Plaintiff, )
as more fully alleged herein; all of whose    )
names are presently otherwise unknown to    )
the Plaintiff, but who/which will be added by )
amendment when such names are ascertained)
    )
      Defendants.    )

## COMPLAINT

COMES NOW the Plaintiff, Huntsville-Madison County Mental Health Board, Inc.,
doing business as Wellstone Behavioral Health,  and for complaint against the Defendants,
named and fictitious, to wit, York Risk Services, Group; and New Hampshire Insurance
Company, does severally and separately state as follows:

### PARTIES

1.    Huntsville-Madison County Mental Health Board, Inc., doing business as
Wellstone Behavioral Health is a domestic non- profit corporation doing business in the
State of Alabama and Madison County, Alabama.

2.    That the York Risk Services Group, Inc.(hereinafter "York") is a foreign
corporation doing business in Alabama by agents, adjusters, claims handlers, etc.

3.    The New Hampshire Insurance Company (hereinafter "NHIC") is an Illinois
corporations that does business in the state of Alabama, and licensed by the Alabama
Department of Insurance., Company # 215209, NAIC #s 23841.

4.    The fictitious Defendants  are those persons or entities that contracted to provide
property damage to the Plaintiff, or made the representations alleged herein, and whose
names are either unknown or incorrectly stated.

5.    That jurisdiction and venue are proper as all the Defendants as all do business in
Madison County,  and the acts complained of occurred in Madison County.

### FACTS

6.    Plaintiff adopts and re-alleges paragraphs 1 through 5 above as if specifically set

forth herein.

7.      Defendant NHIC contracted with Plaintiff to provide a Commercial Property

Package insurance policy that included property loss coverage for Plaintiff's location at

4040 South Parkway Huntsville, Alabama.   Defendant conducted all inspection of the

property it required to accept the property for coverage, and represented to Plaintiff that

the property's condition was acceptable for the full replacement cost coverage for which

a premium was charged.   Thereafter Plaintiff paid all premiums and performed all acts

under the contract of insurance.

8.      On or about November 29, 2016, the subject property, like many others in the

area,  suffered  catastrophic  weather related damage, particularly to the roof of the

insured property, and resulting damages to other parts thereof.

9.      Plaintiff presented a claim for replacement its damaged property to Defendant.

Defendant had its representatives, including Defendant York conduct investigations and

inspections of the loss.   The Defendants represented to Plaintiff that coverage for said

loss was accepted and that a full replacement of the damaged potions would be covered

and asked for the replacement estimates the Plaintiff had been asked by Defendants to

obtain.

10.     Thereafter, and despite their representations, the Defendants, without any

additional or further investigation or inspections, attempted to refuse the claim for full

replacement of the damaged property.   This reversal of their promises was accomplished

consciously and deliberately with fraud, bad faith, coercion, oppression and malice, with

conscious disregard for the  Plaintiff's and their patients situation. Defendant's knew and

took advantage of the fact that Occupational Safety and Health Administration had

required  repair of the subject damages no later than March 30, 2017, and Defendants

could attempt to avoid payment while Plaintiff faced the pressure of that deadline.

11.     I reliance upon the representations of the agent of the Defendants, Agnes
Henderson, that replacement of the damaged parts of the Plaintiff's property would be
forthcoming, and that an advance payment would be made, the Plaintiff committed to
OSHA to meet its replacement deadline and incurred damages and expenses to complete
that promise.

12.     Thereafter the Plaintiff made written demand upon the Defendants to fulfill the
contract and their promises and representations, and to pay for the replacement of the
damaged portions so it could meet the OSHA deadline, but Defendants had intentionally
and deliberately refused to pay.


## COUNT I
## BREACH OF CONTRACT

13.     Plaintiff adopts and re-alleges paragraphs 1 through 12 above as if specifically set
forth herein.

14.     Defendant NHIC, entered into a contract of insurance with Plintiff.  The contract
of insurance promised to pay for damages to property of Plaintiff.  Defendant
NHIC engaged York as its agent to perform under said contract of insurance
NHIC's obligations.  Both. Defendants promised to pay Plaintiff for loss or
damages to its property from a wind and weather related catastrophe under a
contract and policy of insurance in return for the payment of premium.  Plaintiff
performed under the aforesaid contract, buy paying the premiums demanded
which were or should have been placed into a central fund from which claims
should have been paid,  but Defendants have refused to perform/pay.

15.   Plaintiff has fully complied with the agreed terms of the ontract/policy/agreement. Defendants have breached the contract/policy/ agreement by refusing to remit payment for the loss and damage to Plaintiff's property.

16.   Defendants owe Plaintiff all the sums expended by Plaintiff to replace and repair its property as alleged herein, consequential damages plus interest and expenses.

WHEREFORE, Plaintiff Huntsville-Madison County Mental Health Board, Inc., doing business as Wellstone Behavioral Health demands judgment against Defendants for the damages sustained in an amount to be determined by the trier of fact plus interest, attorney fees and expenses not to exceed the jurisdictional limits of this Court.

## COUNT II
## BREACH OF CONTRACTUL DUTY OF GOOD FAITH- TORT OF BAD FAITH

17.   Plaintiff adopts and re-alleges paragraphs 1 through 16 above as if specifically set forth herein.

18.   Defendants in undertaking to perform the obligations of the contract of insurance had a duty in law to act in good faith and fair dealing as a part of the contractual relations. Defendants breached that implied in law duty of good faith, and instead intentionally acted in bad faith in refusing to adequately investigate the claim of the Plaintiff and then refusing to pay the claim of the Plaintiff as promised.

19.   As a proximate result of the breach of the duty of good faith under the contract and the tort of bad faith refusal to pay, intentionally and by failure to investigate, by Defendants the Plaintiff has suffered and will continue to suffer damages, losses, expenses, monetary damages, consequential damages, interest attorney fees and cost.

WHEREFORE,  Plaintiff demands judgment against the  Defendants for its damages sustained   in an amount to be determined by the trier of fact plus interest, attorney fees and all cost of this action to which Plaintiff is entitled.

## COUNT III
## MISREPRSENTATION & FRAUD

20.  Plaintiff adopts the allegations and averments of the preceding paragraphs as if incorporated herein.

21.  Defendants, personally or through their agents, servants or employees and adjusters or through persons authorized to represent and speak for the Defendants did represent that it/they would pay for the full replacement cost of the damaged property of the Plaintiff and would issue payment as required to accomplish said replacement in response to the demands of OSHA re same.   That in reliance upon said representation the Plaintiff did agree with OSHA to undertake such replacement and contracted to have such repairs and replacements made on an expedited basis.

48.  That the representations of the Defendants were false and fraudulently made with the intent to deceive the Plaintiff, or made so negligently as to amount to fraud and deceit, with no intention to fulfill the representations made.  The Defendants did not intend to pay the full replacement cost as represented and thereafter refused to pay.

49.  That as a proximate result of the misrepresentations, fraud and deceit of the Defendants, the Plaintiff as been damaged by having to expend its own funds for the promises full replacement of the damaged property on an expedited basis, additional expenses in accomplishing same, and expenses and losses occasioned

by the misrepresentation.       That the misrepresentations, fraud and deceit was

accompanied with such conscious or deliberate, oppression, fraud, wantonness, or

malice with regard to the plaintiff as to entitle the Plaintiff to punitive damages.

WHEREFORE,  Plaintiff demands judgment against the  Defendants for its damages

sustained   in an amount to be determined by the trier of fact plus interest, attorney fees

and all cost of this action to which Plaintiff is entitled.


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**


_Tom E. Ellis_

TOM E. ELLIS (ELL009) Attorney for Plaintiff

OF COUNSEL:
Tom E. Ellis
Ellis & Bloom, LLC
300 Office Park Drive, Ste 206
Birmingham, Alabama   35223
tee@tcelaw.com


**SERVE DEFENDANT:**
**NEW HAMPSHIRE INSURANCE COMPANY**
**By Certified Mail to their**
**Registered Agent for Service of Process in Alabama, to wit:**
**CSC Lawyers, Inc. Service Inc.**
**150 South Perry Street**
**Montgomery, AL   36104**

**SERVE DEFENDANT:**
**YORK RISK CONTROL SERVICES, INC.**
**By Certified Mail to their**
**Registered Agent for Service of Process in Alabama, to wit:**
**CSC Lawyers, Inc. Service Inc.**
**150 South Perry Street**
**Montgomery, AL   36104**



**AlaFile E-Notice**

47-CV-2017-900748.00

To: YORK RISK CONTROL SERVICES, LLC
C/O CSC LAWYERS SERVICE,
150 SOUTH PERRY STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

1. HUNTSVILLE-MADISON COUNTY MENTAL HEALTH BOARD V. NEW HAMPSHIRE INSU
47-CV-2017-900748.00

The following complaint was FILED on 5/3/2017 2:24:39 PM

Notice Date:     5/3/2017 2:24:39 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

U.S. POSTAGE >> PITNEY BOWES

ZIP 35801 $ 006.98
02 1H
0001391147 MAY 04 2017

CERTIFIED MAIL

7015 0640 0002 6128 5416

DEBRA KIZER, CIRCUIT CLERK
CIRCUIT COURT DIVISION
100 NORTH SIDE SQUARE
HUNTSVILLE, ALABAMA 35801-4820

York Risk Control Services LLC
c/o CSC Lawyers Service
150 South Perry Street
Montgomery, AL  36104

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

HUNTSVILLE-MADISON COUNTY )
MENTAL HEALTH BOARD, INC., )
A non-profit corporation, doing business as )
WELLSTONE BEHAVIORAL HEALTH )
)
     Plaintiff, )
)
vs. )   Case No.: 47-CV-2017-900748.00
)
YORK RISK SERVICES, GROUP, INC.; )
NEW HAMPSHIRE INSURANCE )
COMPANY; "ABC" being that person, )
business, partner-ship, corporation, or other )
entity that contracted with, or otherwise )
accepted premiums from the Plaintiff for )
a policy of insurance and coverage for loss to )
property, as more fully described herein; )
"DEF", being that person, business, )
corporation, or other entity which had a )
contractual obligation to pay for loss to the )
property of the Plaintiff, as alleged more fully )
herein; )
"GHI" being that person, business, partner- )
ship, corporation or other entity that owed )
insurance benefits because of damage to the )
property of Plaintiff; )
"JKL" being that person, business, )
partnership, corporation or other entity that )
received moneys or funds, or held or holds )
money and funds that should be paid to )
the Plaintiff, as more fully alleged herein; )
"MNO" being that person, business partner- )
ship that misrepresented, deceived, or )
committed the fraud as more fully described )
herein; "PQR" being that person, business, )
partnership, corporation, or other business )
entity that committed bad faith in the )
handling of insurance claims of the Plaintiff, )
as more fully alleged herein; all of whose )
names are presently otherwise unknown to )
the Plaintiff, but who/which will be added by )



EXHIBIT
2

amendment when such names are ascertained )
                                           )

      Defendants. )

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

HUNTSVILLE-MADISON COUNTY )
MENTAL HEALTH BOARD, INC., )
A non-profit corporation, doing business as )
WELLSTONE BEHAVIORAL HEALTH )
                                           )
      Plaintiff, )
                                           )
vs. )     Case No.:
                                           )
YORK RISK SERVICES, GROUP, INC.; )
NEW HAMPSHIRE INSURANCE )
COMPANY; "ABC" being that person, )
business, partner-ship, corporation, or other )
entity that contracted with, or otherwise )
accepted premiums from the Plaintiff for )
a policy of insurance and coverage for loss to )
property, as more fully described herein; )
"DEF", being that person, business, )
corporation, or other entity which had a )
contractual obligation to pay for loss to the )
property of the Plaintiff, as alleged more fully )
herein; )
"GHI" being that person, business, partner- )
ship, corporation or other entity that owed )
insurance benefits because of damage to the )
property of Plaintiff; )
"JKL" being that person, business, )
partnership, corporation or other entity that )
received moneys or funds, or held or holds )
money and funds that should be paid to )
the Plaintiff, as more fully alleged herein; )
"MNO" being that person, business partner- )
ship that misrepresented, deceived, or )

- 2 -

committed the fraud as more fully described )
herein; "PQR" being that person, business, )
partnership, corporation, or other business )
entity that committed bad faith in the )
handling of insurance claims of the Plaintiff, )
as more fully alleged herein; all of whose )
names are presently otherwise unknown to )
the Plaintiff, but who/which will be added by )
amendment when such names are ascertained )
)
     Defendants. )

## DEFENDANTS NEW HAMPSHIRE INSURANCE COMPANY AND YORK RISK SERVICES GROUP, INC.'S NOTICE TO CLERK OF THE STATE COURT OF MADISON COUNTY, ALABAMA OF THE REMOVAL OF ACTION TO FEDERAL COURT

TO:   Debra Kizer
      Circuit Court Clerk
      Madison County, Alabama
      100 Northside Square
      Huntsville, Alabama 35801

You hereby are notified that defendants New Hampshire Insurance Company and York Risk Services Group, Inc. have this date filed a notice of removal in the United States District Court for the Northern District of Alabama, Northeastern Division, removing this action from the State Court of Madison County, Alabama to the United States District Court for the Northern District of Alabama, Northeastern Division, together with copies of all pleadings and papers served on New Hampshire Insurance Company and York Risk Services Group, Inc. and all pleadings filed to date. A copy of the notice of removal filed in the federal court is attached hereto as Exhibit "1" and filed with this Court, as provided by 28 U.S.C. § 1446(d).

This __5th__ day of June, 2017.

- 3 -

Respectfully submitted,

/s/ Mark D. Hess
MARK D. HESS (HES006)
HAND ARENDALL LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Tel: (205) 324-4400
Fax: (205) 322-1163
mhess@handarendall.com

*Attorneys for Defendants*
*New Hampshire Insurance Company and*
*York Risk Services Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are **AlaFile registrant(s)**:   Tom. E. Ellis  and on all other counsel of record or *pro se* parties by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 5th   day of June, 2017:

(None)

/s/ Mark D. Hess
MARK D. HESS (HES006)

- 4 -